

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-15-2002

# Myers v. Med Ctr DE Inc

Precedential or Non-Precedential:

Docket 0-1631

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Myers v. Med Ctr DE Inc" (2002). *2002 Decisions.* Paper 124.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/124

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 00-1631 & 00-1719
_____

JOSEPH MYERS

v.

MEDICAL CENTER OF DELAWARE, INC.;
FRANCIS MASE, individually and as an agent, servant or employee
of the Medical Center of Delaware, Inc.;
LUCIA BENZONI, individually and as an agent, servant or employee
of the Medical Center of Delaware, Inc.;
J. A. NEMER, individually and as an agent, servant or employee
of the Medical Center of Delaware, Inc.;
MICHELLE HINSON, individually and in her official capacity as
New Castle County Police Officer;
DOE 1 THROUGH 10, individually and in their official capacities as
New Castle County Police Officers;
DOMENICK GREGORY; JACK GAHAN;
MALVERN SLAWTER; JOHN HAUG;
DOCTORS FOR EMERGENCY SERVICES, P.A.;
DR. ANITA H. HODSON

Joseph Myers,
Appellant at No. 00-1631

Domenick Gregory and John Haug,
Appellants at No. 00-1719

_____

On Appeal from the United States District Court
for the District of Delaware
D.C. Civil Action No. 97-cv-00461
(Honorable Gregory M. Sleet)
_____

Argued July 16, 2001

Before: MANSMANN, SCIRICA and RENDELL, Circuit Judges

(Filed: February 15, 2002)

JAMES B. O'NEILL, ESQUIRE (ARGUED)
727-B North Market Street
Wilmington, Delaware 19801

    Attorney for Appellant/Cross-Appellee,
    Joseph Myers

JAMES E. DRNEC, ESQUIRE (ARGUED)
Morris, James, Hitchens & Williams
222 Delaware Avenue
P.O. Box 2306
Wilmington, Delaware 19899

    Attorney for Appellees,
    Medical Center of Delaware, Inc.,
    Lucia Benzoni and J. A. Nemer

JOHN E. TRACEY, ESQUIRE (ARGUED)
MEGAN K. D'IORIO, ESQUIRE
Office of County Counsel
Department of Law
New Castle Corporate Commons
87 Reads Way
New Castle, Delaware 19720

　　　Attorneys for Appellees, Michelle Hinson, Jack Gahan, Malvern Slawter
and
　　　Appellees/Cross-Appellants, Domenick Gregory and John Haug

MASON E. TURNER, JR., ESQUIRE (ARGUED)
Prickett, Jones & Elliott
1310 King Street
P.O. Box 1328
Wilmington, Delaware 19899

WARREN B. BURT, ESQUIRE
886 Sharpless Road
Hockessin, Delaware 19707

　　　Attorneys for Appellees,
　　　Doctors for Emergency Services, P.A. and
　　　Dr. Anita H. Hodson


_____

OPINION OF THE COURT
_____


SCIRICA, Circuit Judge.

　　　This case involves multiple claims against medical personnel and police officers
stemming from events following the tragic death of a five-year-old child, Valeria Renee
Myers.  On the night that Valeria was brought into the Emergency Department at the
Medical Center of Delaware, emergency room personnel who examined the deceased
child initially thought she had been sexually abused.  This "misdiagnosis" triggered a
series of events leading to the lengthy overnight interrogation of both parents, Phyllis and
Joseph Myers, and an extensive search of the Myers's home.  Only the next morning,
after a full autopsy, was it determined that Valeria had died of natural causes and had not
been sexually abused.
　　　Joseph Myers filed suit in Delaware Superior Court against the medical staff of the

Medical Center of Delaware for medical malpractice, slander, and failure to adequately train and supervise physicians; and against the police officers involved in the investigation, for constitutional violations under the Fourth Amendment. Defendants removed the case to federal court under 28 U.S.C. 1441(b). The District Court granted summary judgment to the medical defendants on the medical malpractice claims holding they were statutorily immune and that Myers had failed to produce competent expert testimony as required by Delaware law. With respect to the defendant police officers, the District Court found that Officers Domenick Gregory and John Haug violated Myers's constitutional rights and granted Myers partial summary judgment. But the court found that Corporal Malvern Slawter and the remaining officers were immune by reason of qualified immunity and granted them summary judgment. The District Court certified the case for appeal under Fed. R. Civ. P. 54(b), although damage claims remained pending. Myers has appealed, and Officers Gregory and Haug have cross-appealed.

Because this case does not meet the requirements of Rule 54(b), we will decline jurisdiction, except for the appeals of Officers Gregory and Haug, who may immediately appeal the denial of qualified immunity. Mitchell v. Forsyth, 472 U.S. 511 (1985); Eddy v. Virgin Islands Water and Power Auth., 256 F.3d 204 (3d Cir. 2001).

## I.

Generally, we review a Rule 54(b) determination for abuse of discretion (if it is not a legal question of what 54(b) requires). See Cold Metal Process Co. v. United Eng'g & Foundry Co., 351 U.S. 445, 452 (1956). But we will not give deference to the District Court's decision to certify a case for appeal if the court fails to analyze the factors articulated in Allis-Chalmers Corp. v. Philadelphia Elec. Co., 521 F.2d 360, 364 (3d Cir.1975). See Berckeley Inv. Group v. Colkitt, 259 F.3d 135, 145 (3d Cir. 2001) (noting agreement with the Sixth Circuit Court of Appeals and stating that we will "similarly not accord deference" where the District Court has not announced that there is "no just cause for delay" and "did not consider those factors relevant to this inquiry.").

## II.

Under 28 U.S.C. 1291, we have jurisdiction over all "final decisions." Id. Rule

54(b) relaxes the "final decision" rule and under certain conditions permits district courts to enter "partial" final judgments on less than all the claims presented. Berckeley, 259 F.3d at 140. Under Rule 54(b), District Courts may certify a case as a "final judgment" that is appealable, even though some claims remain pending, "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). The failure to mention Rule 54(b) "will not, by itself, defeat jurisdiction under that section." Berckeley, 259 F.3d at 144 (citing United States v. Ettrick Wood Prods., Inc., 916 F.2d 1211, 1217 (7th Cir. 1990)). But "general references to the necessity of expediency" cannot "substitute for the 'express' determination required by the Rule." Berckeley, 259 F. 3d at 141 (citing Bhatla v. U.S. Capital Corp., 990 F.2d 780, 786 n.6 (3d Cir. 1993)).

In the Order that purports to certify this case for appeal, Rule 54(b) was not mentioned by name. This is not fatal because it is clear from the Order, and from the discussion at the hearing which led to the Order, that the District Judge intended to enter a final judgment on these matters for the purposes of appeal. But intent alone cannot satisfy the requirements of Rule 54(b). The only reasons the District Judge identified for his decision to permit an interlocutory appeal were judicial economy and efficiency. He stated, "To the extent that any of the parties require permission to appeal the court's rulings in this case pursuant to 28 U.S.C. 1292, the court finds that an immediate appeal of its prior decisions will materially advance the ultimate termination of this litigation by affording the Third Circuit Court of Appeals the opportunity to address the legal arguments of all of the parties in one consolidated appeal." (Order dated May 4, 2000). The District Judge made no determination that there was "no just cause for delay."

More importantly, the District Judge failed to consider any of the factors we have determined are relevant to making a Rule 54(b) decision. See Allis-Chalmers Corp. v. Philadelphia Elec. Co., 521 F.2d 360, 364 (3d Cir.1975) (citations committed). In Allis-Chalmers, we listed the following factors:

(1) the relationship between the adjudicated and unadjudicated

claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

In Carter v. City of Philadelphia, 181 F.3d 339 (3d Cir. 1999), we acknowledged that
analysis of these factors was not required if it is clear that the requirements of Rule 54(b)
are met. See Berckeley, 259 F.3d at 145. But we also stated that such reasons should be
articulated. Id. (citing Allis Chalmers, 521 F.2d at 364).
As noted, the District Court failed to address the Allis-Chalmers factors. We do
not believe the trial courts should grant Rule 54(b) motions solely whenever they find it
more efficient to do so. From their point of view, it may almost always be more efficient
to do so, especially when denials of qualified immunity are being appealed. In our view,
this case offers no compelling reason to hear a "piecemeal appeal." This case is no
different from the multitude of other 1983 cases with multi-claims and multi-parties.
For all these reasons, we will deny 54(b) certification here.

## III.

But we do have appellate jurisdiction over the denial of qualified immunity to Officers Gregory and Haug.  Mitchell v. Forsyth, 472 U.S. 511 (1985).  We will affirm the denial of qualified immunity for Officer Gregory.  Officer Gregory filed a warrant application, and then searched the trailer based on a warrant that was invalid on its face, lacking any specific facts suggesting either that a crime had been committed or that there was evidence in the trailer.  Under these facts, the District Court was correct in denying Officer Gregory qualified immunity.

But Officer Haug's situation is different.  Officer Haug was aware of facts which created probable cause and would have supported a valid warrant.  He was at the hospital and saw the "physical indications" suggestive of abuse.  He also photographed the child. After meeting Officer Gregory at the trailer, he briefly looked at the warrant.  He also testified that he relied on the other officers who told him it was a valid warrant. (See Appendix at B-87.)

We believe Haug acted reasonably by relying on the officers who stated it was a valid warrant and on his own knowledge of facts creating probable cause to support a warrant.  When other officers and external facts strongly suggest the existence of probable cause and the validity of a warrant, we need not mandate that each officer scrutinize the warrant, not only to ensure that they comply with it while executing the search, but also to ensure that it complies with the Fourth Amendment.  Under the circumstances, we believe he did not have such a duty, Haug's reliance on his fellow officers was reasonable:  "Plausible instructions from a superior or fellow officer support qualified immunity where, viewed objectively in light of the surrounding circumstances, they could lead a reasonable officer to conclude that the necessary legal justification for his actions exists (e.g. a warrant, probable cause, exigent circumstances)."  Bilida v. McCloud, 211 F.3d 166, 174-75 (citing United States v. Hensley, 469 U.S. 221, 232 (1985)) (officers making stop in objective reliance on a bulletin issued by another department may have qualified immunity in civil suit even if there is not in fact

reasonable suspicion).  Given his knowledge of the case and the assertions of his fellow
officers, we hold it was not objectively unreasonable for Officer Haug to search the
trailer.

IV.

For these reasons, we will affirm the denial of qualified immunity for Officer
Gregory, but we will reverse the denial of qualified immunity for Officer Haug.
Otherwise, we decline jurisdiction to address the other appeals.

TO THE CLERK:

Please file the foregoing opinion.


                                    /s/   Anthony J. Scirica
                                          Circuit Judge